S05Y0462. IN THE MATTER OF MARSHALL L. COHEN.
(612 SE2d 294)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar against Respondent Marshall L. Cohen in which it alleged that Cohen violated Rules 1.1, 1.3, 1.4, 1.5, 3.3, 5.5, and 8.4 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The State Bar filed a motion for default as Cohen did not file a Notice of Rejection within 30 days after the proper service by publication of the Notice of Discipline. See Bar Rule 4-208.3 (a). Cohen did file an untimely Notice of Rejection but because it was not timely filed, Cohen is in default, has no right to an evidentiary hearing and is subject to such discipline as may be determined by this Court. See Bar

---

Rule 4-208.1 (b). The State Bar recommends a one-year suspension with conditions for reinstatement. For the reasons discussed below, we reject the State Bar's recommendation and disbar Cohen from the practice of law.

The facts as deemed admitted by Cohen's default show that he is a resident of Florida who has been on inactive status with the Georgia State Bar since 1983. Despite not being an active member of the State Bar, Cohen undertook representation of a client in a criminal case pending in Georgia. The client paid Cohen $2,500 and Cohen told the client that he was licensed to practice law in Georgia without disclosing his inactive status. Cohen failed to appear at the arraignment and calendar call in the case although he sent a notice of appearance and filed a motion for continuance (both received and filed after the arraignment). The trial court entered an order forfeiting the client's bond and issued a bench warrant for the client's arrest for failure to appear at the arraignment. The client subsequently surrendered to authorities after calling Cohen several times about the warrant, which calls Cohen did not return. Cohen eventually agreed to meet in Florida with the client, prior to his surrender, but Cohen did not appear for the meeting and later told his client that he could not come to Georgia until more than a month later. Cohen then filed a motion to set aside the bench warrant and bond forfeiture. The client discharged Cohen and sought a refund of the fees paid, but Cohen neither responded nor returned the fees. Cohen filed a motion to withdraw from the case and to allow bond. In none of the filings with the superior court did Cohen reveal that he was on inactive status and thus not eligible to practice law in Georgia. Cohen ignored a second request for a refund and the client thereafter hired different counsel (authorized to practice law in Georgia) and resolved his case.

These facts establish that Cohen violated the following provisions of the Georgia Rules of Professional Conduct: Rule 1.1 by providing incompetent representation; Rule 1.3 by wilfully abandoning a legal matter entrusted to him to the detriment of his client; Rule 1.4 by failing to communicate with his client; Rule 1.5 by charging an unreasonable fee, providing virtually no services and refusing to make a refund; Rule 3.3 by making false representations to the trial court regarding his eligibility to practice law in Georgia; Rule 5.5 by engaging in the unauthorized practice of law; and Rule 8.4 by engaging in professional conduct involving deceit and misrepresentation. Of these Rules, the maximum penalty for violating Rules 1.1, 1.3, 3.3, and 8.4 is disbarment. As discussed above, Cohen's conduct in this matter demonstrates a complete disregard of the obligations and responsibilities owed by attorneys both to their clients and to the legal profession. Accordingly, Marshall L. Cohen is hereby disbarred

from the practice of law in this state. He is reminded of his duties under Rule 4-219 (c) (1).

*Disbarred. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's determination that disbarment is the appropriate level of discipline to be imposed in this case. In disbarring respondent Cohen, the majority has dramatically departed from the level of discipline recommended by the Investigative Panel of the State Bar (one-year suspension with reinstatement conditioned upon completion of ethics school and the submission of a written apology to the Superior Court of Crisp County) with no explanation other than the observation that respondent's behavior "demonstrates a complete disregard of the obligations and responsibilities owed by attorneys both to their clients and to the legal profession." I respectfully suggest that all attorneys who face State Bar disciplinary proceedings which result in the imposition of discipline by this Court by means of published opinion have demonstrated a similar lack of regard, yet not all such disciplined attorneys are disbarred for their transgressions because this Court, in imposing discipline, attempts to distinguish the salvageable from the incorrigible.

In the case at bar, the Investigative Panel of the State Disciplinary Board determined Mr. Cohen violated the Georgia Rules of Professional Conduct and recommended a one-year suspension; my review of the sparse record leads me to the same conclusion — Mr. Cohen violated several rules, but he is salvageable. He was admitted to the practice of law in Georgia in 1976 and took inactive status in 1982. He has maintained a law office in Ft. Myers, Florida, where he is a resident and a member of the State Bar of Florida. As of November 2004, Mr. Cohen had no history of disciplinary action other than the grievance presently before us. He undertook representation of the grievant, a fellow resident of Florida, in a criminal matter pending in Crisp County, Georgia, at a time when Mr. Cohen had not resumed active status in the State Bar of Georgia. The client complained that Mr. Cohen, after getting a court hearing postponed for ten weeks, did not inform him that the Superior Court of Crisp County had refused Mr. Cohen's request for a telephonic hearing. Due to the lack of notice from Mr. Cohen, the client missed the court date, which resulted in the issuance of a bench warrant and the client's incarceration for failing to appear. The client asserted Mr. Cohen did not return his phone calls and, after the client terminated Mr. Cohen's services, Mr. Cohen did not refund any money previously paid him and his office "hung up" on the two telephone calls made by the former client's

mother and brother to Mr. Cohen's office.[1]

This conduct is not in keeping with the standards to which Georgia attorneys are held and disciplinary action must be taken. I believe the Investigative Panel correctly assessed the level of discipline necessary as something "more than a public reprimand but less than disbarment." Rule 4-102 (b) (2), Rules and Regulations of the State Bar of Georgia. I agree with the Investigative Panel's assessment and therefore dissent from the majority's disbarment of Mr. Cohen from the practice of law in Georgia.

DECIDED APRIL 26, 2005 —
RECONSIDERATION DENIED MAY 23, 2005.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[1] The client's assertions are contained in the grievance he filed and have been taken as true because respondent did not file a timely Notice of Rejection and Response to Pending Grievance because he sent them to the State Bar of Georgia rather than this Court. However, a Notice of Rejection and Response, filed two days late, are in the record because the State Bar's Office of General Counsel forwarded them to this Court. Had the notice and response been received by this Court on the date of receipt acknowledged by the State Bar, the filings would have been filed on the last day possible to be deemed timely.